RONALD LEE GILMAN, Circuit Judge,
concurring.
I join the lead opinion, but write separately to address two points made by the dissent. First, the dissent relies heavily upon the assertion that “the immigration judge failed to recognize that Petitioners were seeking asylum on the basis of political opinion.” The BIA, however, addressed and rejected the Nazarkos’ claim for asylum on that basis. Specifically, the BIA found that “[i]t is not evident that [the incidents experienced by the Nazarkos] were motivated by [their] family status or political beliefs.” The dissent underweights the fact that the BIA considered and rejected this claim, and thereby makes too much of the fact that the IJ did not. See Gilaj v. Gonzales, 408 F.3d 275, 283 (6th Cir.2005) (reviewing the IJ decision directly, but considering the additional analysis performed by the BIA).
The dissent also attempts to explain away the inconsistencies in the Nazarkos’ testimony about which political party was responsible for the various attacks. Ivzi blamed the communists and the socialists for the attacks, while Adriatik blamed the Democratic Party. The dissent notes that it performed “a careful reading of the complete record” and concludes that, because Ivzi also testified that “people who are claiming to be democrats are communists,” there is really no inconsistency in the testimony at all. Although this conclusion might withstand scrutiny if reached by the IJ himself or by this court on a de novo review, I do not believe that the standard of review applicable in this case permits such an attempt to reconcile the Nazarkos’ conflicting testimony. See Klawitter v. I.N.S., 970 F.2d 149, 152 (6th Cir.1992) (“[I]n order to reverse the BIA’s factual determinations, the reviewing court must find that the evidence not only supports a contrary conclusion, but indeed compels it.”). The IJ’s finding of a material inconsistency on this key issue of alleged politically motivated persecution, in other words, is not subject to second-guessing on *405 appeal where, as here, the finding is supported by the record.
For these reasons, as well as for those set forth in the lead opinion, I concur in the decision to deny the petition for review.